FILED

2013 Apr-11  PM 12:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONNIE MARLER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: _____** |
| | ) | |
| **USAA SAVINGS BANK,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, representing himself and on behalf of a class of similarly situated

persons, by and through counsel, in the above styled cause, and for Plaintiffs' Complaint against the

Defendant state as follows:

### PARTIES

1.      Plaintiff Ronnie Marler is a resident of Shelby County, Alabama, over 19

years of age, and is competent to bring this action.

2.      Defendant USAA Savings Bank (hereinafter "USAA") is a Nevada corporation

with its principal place of business located in San Antonio, Texas and was doing business in Shelby

County, Alabama at all times material to this Complaint.

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331. *See Mims v. Arrow*

*Financial Services, Inc.*, 132 S.Ct. 740 (2012).

4.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a

substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District.

5.       Congress enacted the TCPA in 1991 to address certain telemarketing practices widely considered invasive of consumer privacy.

6.       While the statute imposed restrictions on a wide set of telemarketing practices, its strictest provisions apply to telemarketing by automatic telephone dialing system. *See* 47 U.S.C. § 227(b)(1).

7.       An automatic telephone dialing system (sometimes called "autodialer") is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator to dial the numbers[,]" and has the capacity to dial such numbers. *Id.* § 227(a)(1). The term extends to equipment that has the capacity to dial numbers without human intervention. *See In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14093 (2003).

8.       With the limited exception of calls made for emergency purposes, the TCPA bans *all* calls to cell phones placed through an autodialer, regardless of whether they solicit the sale of goods or services, unless the recipient of the call provides "prior express consent" to receive the calls.  47 U.S.C. § 227(b); 47 C.F.R. § 64.1200(a)(1).

9.       "Prior express consent" exists where a consumer has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase of goods or services. *See In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 F.C.C.R. 12391, 12396, para. 11 (1995).

10.       Another innovation realized through the TCPA was the Federal Trade Commission's

establishment of the National Do Not Call Registry.

11.    The Registry allows consumers to opt-out of telemarketing by registering their numbers on a federal database.  More than 200 million numbers are listed on the Registry.The TCPA prohibits persons or entities from initiating telephone solicitations to consumers who have listed their phone numbers on the Registry, unless the consumer provides "prior express invitation or permission." 47 U.S.C. §§ 227(a)(4), (c); 47 C.F.R. § 64.1200(c).

12.    The requisite prior express invitation or permission "must be evidenced by a signed, written agreement between the consumer and the seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed[.]" *Id.* § 64.1200(c)(2)(ii).

13.    To ensure the effectiveness of the Do Not Call Registry, telemarketers are required to access the database and to "scrub" their calling lists of the telephone numbers in the database.

14.    A person whose number is on the Registry, and "who has received more than one telephone solicitation within any 12-month period by or on behalf of the same entity" in violation of the TCPA, can sue the violator and seek statutory damages.  47 U.S.C. § 227(c)(5).

## FACTUAL ALLEGATIONS

15.    In October 2012, Defendant USAA began harassing collection activities against Plaintiff making dozens of harassing and repeated phone calls to Plaintiff's cellular telephone on a cellular telephone Plaintiff has never given Defendant permission of any type to call.

16.    Defendant USAA illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227, et seq. ("TCPA[1]").

16.    Defendant USAA illegally used a predictive dialer to call Plaintiff's cell phone

---

[1] Any reference to the TCPA includes all applicable subsections whether explicitly stated or not.

without permission to do so in violation of the TCPA.

17.     Defendant USAA illegally used pre-recorded calls to call Plaintiff's cell phone

without permission to do so in violation of the TCPA.

18.     The volume and type of calls are harassing as the intent and motive behind them are to

harass Plaintiff.

19.     Plaintiff verbally instructed Defendant USAA to cease and desist making calls to his

cellular telephone number explaining to Defendant it did not have permission to call his cellular

telephone.

20.     Defendant USAA failed and refused to cease and desist the calls to Plaintiff's

cellular telephone.

21.     All telephone contact by USAA to Plaintiff on his cellular telephone occurred via

an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that

are the subject of this Complaint occurred within four years of the filing of this Complaint.

22.     The telephone calls placed by USAA to Plaintiff's cellular telephone via

the automatic telephone dialing system used "an artificial or prerecorded voice" as described in

47 U.S.C. § 227(b)(1)(A).

23.     The telephone number that USAA used to contact Plaintiff, with a

"prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular

telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

24.     The complained of telephone calls constituted calls not for emergency purposes as

defined by 47 U.S.C. § 227(b)(1)(A)(i).

25.     Plaintiff never gave Defendant express consent to call his cellular telephone, and

further, instructed Defendant not to call his cellular telephone.

26.     USAA did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

27.     USAA's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

28.     Defendant USAA illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA). Defendant USAA illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

29.     Plaintiff never gave Defendant USAA express consent to call Plaintiff's cell phone with an autodialer or with a predictive dialer.

30.     Plaintiff never gave Defendant USAA permission to call Plaintiff's cell phone with pre-recorded calls.

31.     The volume and type of calls are harassing as the intent and motive behind them is to harass Plaintiff.

32.     The above-detailed conduct by Defendant USAA of harassing Plaintiff was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

33.     This series of abusive collection calls by Defendant USAA by and through its employees, agents, and/or representatives caused Plaintiff stress and anguish as a result of these abusive calls.

34.     Defendant USAA's repeated attempts to collect this debt from Plaintiff and its

refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

35.     Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant USAA in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227, et seq.

36.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

37.     Defendant USAA has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers and/or predictive dialers that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff at all hours of the day and night, including calls to Plaintiff's cellular telephone.

38.     Defendant USAA has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff's cell phone for which USAA had no authorization to call.

39.     There is no exception or justification for the numerous violations of the TCPA by Defendant USAA.

40.     Each call is a separate violation and entitles Plaintiff to statutory damages against

Defendant USAA in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

41.     All actions taken by Defendant USAA were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

42.     All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant USAA for statutory, actual, compensatory, and/or punitive damages an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant USAA.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS
## AND/OR INTENTIONAL CONDUCT

43.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

44.     Defendant USAA owed a duty to Plaintiff not to place telephone calls to Plaintiff's cellular telephone in violation of state and/or federal law, not to continually harass him with regard to this debt in violation of state and/or federal law.

45.     Defendant had a duty under Alabama law to act reasonably under the circumstances.

46.     Defendant USAA violated this duty under Alabama law by contacting and then failing to cease contacting Plaintiff on his cellular telephone in violation of state and/or federal law.

47.     Defendants USAA violated its duties to Plaintiff and such violations were made intentionally, recklessly, willfully, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties that Defendant had.

48.     Plaintiff has been damaged as a proximate result of Defendant's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant USAA for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant USAA.

## COUNT III
### NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

49.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

50.     Defendant USAA negligently, wantonly, willfully, recklessly, and/or intentionally hired, retained, and/or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiff as stated throughout this Complaint, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff. The Defendant's employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

51.     Defendant USAA was negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

52.     The employees and/or agents of Defendants USAA while acting in furtherance of each one's employment or agency by contacting Plaintiff when they knew, or should have known, that such contact by calling Plaintiff's cellular telephone violated state and/or federal law was performed in the line and scope of each one's respective employment or agency and each was incompetent to perform his/her duties and Defendant did know, or should have known, of such incompetence.

53.     The negligent or wanton conduct of those employees and/or agents of Defendant USAA  while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant USAA for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant USAA.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

54.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

55.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant USAA violated Alabama state law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone without express

permission, using automated and/or predictive dialers, and/or leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

56.     Defendant USAA intentionally, recklessly, willfully, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

57.     Defendant USAA intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon an alleged debt and by repeatedly using an unlawful means in an attempt to collect a debt and thereby invaded Plaintiff's privacy thereby invading and intruding upon Plaintiff's right to privacy.

58.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

59.     The conduct of Defendant USAA in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

60.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendant USAA.

61.     All the above acts and omissions of Defendant USAA by and through its agents and/or employees were committed with malice, willful intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant USAA for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together

with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.

 Further, Plaintiff prays for further and other just and equitable relief against Defendant USAA.


              __s/Wesley L. Phillips_____
              Wesley L. Phillips (PHI053)
              Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
wlp@wphillipslaw.com


## JURY DEMAND

Plaintiff demands a trial by struck jury.


              __s/Wesley L. Phillips_____
              OF COUNSEL


## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:


USAA Savings Bank
The Corporation Trust Company of Nevada
311 S Division Street
Carson City, NV 89703